THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALEXANDER GEIGER, PLAINTIFF IN ERROR.

Submitted May 5, 1942—Decided September 1, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the defendant in error, *Abe J. David,* Prosecutor of the Pleas of Union County, and *Thomas J. Hueslon,* First Assistant Prosecutor.

For the plaintiff in error, *John F. Ryan.*

The opinion of the court was delivered by

PORTER, J.   The plaintiff in error (hereinafter called defendant) was convicted of larceny of ten negotiable checks (*N. J. S. A.* 2:145-3) the property of Joseph Nugent.

Defendant was a police officer of the City of Elizabeth. Nugent conducted a tavern near the plant of Jersey Match Company and was in the habit of cashing the company's pay checks issued to its employees on pay days. On Friday, March 7th, 1941, in the early evening Nugent cashed checks for many of the said employees.   Immediately upon finishing the cashing of the checks, in making up his accounts, he discovered that his accounts did not prove and that he was short several hundreds of dollars.   He found missing several checks which he recalled having cashed.   During the time when he was cashing the checks the defendant was in the room with him and during a short period when he was absent from the room the defendant was alone there.   On the next day, March 8th, 1941, defendant presented the ten checks which had been cashed by Nugent the evening previous to William Einhorn of the Lee Drug Company at its store in the vicinity.   Defendant told Einhorn that the payees of the checks had requested him to have same cashed and that they had been endorsed by the payees.   Whereupon Einhorn cashed the checks and gave the proceeds to defendant.   The defendant denied having stolen the checks from Nugent and said that on March 8th, 1941, he was asked by a man whose name he did not know to get him the cash for the checks which he handed to him and that he had gotten the cash from Ein-

horn and delivered it to the man in question and that he had acted entirely in good faith in so doing.

The entire record is returned with the writ in accordance with the statute, *N. J. S. A.* 2:195-16, and the case is before us on assignments of error and specification of causes for reversal.

First it is argued that the refusal of the trial court to declare a mistrial on several motions was error. The prosecutor in his opening statement to the jury said that the defendant had cashed other checks at the drug store which were unaccounted for. He asked the defendant on cross-examination whether he did not use a name other than his own. He was also asked whether or not charges had not been made against him by his superior officer in the police department for violation of certain rules of the department. We are of the opinion that these questions should not have been asked, yet we do not think that the defendant was prejudiced by them. The proofs show that the defendant did cash other checks at the drug store and the fact that the prosecutor stated that some of them were not accounted for is not a charge, as is contended, that these unaccounted for checks were also stolen. There was no proof that any other checks were stolen, and on the argument for mistrial, the state's attorney so conceded. This admission together with the court's charge to the jury to try the case only on the testimony renders the prosecutor's statement harmless. Nor do we think the court erred in denying motions for a mistrial because of the question concerning the defendant's use of another name and about having charges preferred against him. Mistrials should only be granted in extraordinary and striking circumstances in order to prevent a failure of justice and rests in the sound discretion of the trial court. *State* v. *Steneck,* 118 *N. J. L.* 268. We conclude that there was no abuse of discretion by the trial court. However, we think that the prosecutor was not justified in going beyond the indictment in his opening statement to the jury. It was improper for him to have spoken of the defendant having

been charged with dereliction of duty as a police officer. Nor should he have questioned the defendant respecting his use of an alias unless he was prepared (and he was not) to offer proofs to sustain that charge. However, these irregularities were cured by the court's instructions to the jury.

It is next argued that the trial court erred in admitting in evidence the ten bank checks which were referred to in the indictment on the ground that on the back of these checks it was patent that erasures had been made. No explanation of what had been erased, nor when, was made. We think the checks were admissible. The proofs were that these checks had been cashed by Nugent and after he lost possession of them they were admittedly cashed by defendant at the Lee Drug Company's store. In the absence of proof that these erasures were of any significance or materiality they were admissible. The jury were the judges of the credibility of this testimony.

The next two points argued are that the trial court erred in the admission and rejection of certain evidence. Some of the questions objected to were struck out by the trial court and another was withdrawn by counsel—before the court ruled on the objection. We find no merit to this contention.

The charge of the trial court was objected to as being prejudicial to the rights of the defendant wherein the court said "Do not forget that by each acquittal of a guilty criminal the safeguard erected by society for its protection is weakened by the unenforcing of penalties affixed to criminal acts contempt for the law is bred among the very class it is intended to restrain." The contention is that the court was in effect giving undue prominence to its own view in this regard. Again objection is made to the court's instruction to disregard newspaper articles which do not "coincide with the evidence as you recollect it to yourselves." It is argued that in effect the court conveyed to the jury by this instruction the thought that they were to disregard any newspaper article which did not coincide with their recollection of the evidence. We do not think that the comment concerning newspaper articles

is susceptible of any such construction nor do we think the court gave undue prominence to his own view, as it is argued, especially when consideration is given to all that the court said as a preface to that comment.

The next point argued is that the prosecutor in his summation to the jury went beyond the evidence in attacking the defendant to the latter's prejudice and in other comment made and that the court erred in not denying a motion to strike such objectionable remarks and to instruct the jury to disregard them. Under the evidence in this case we think that the prosecutor was within his privilege in using the language objected to. Moreover, the court specifically instructed the jury to be governed in their deliberations by the evidence as they remembered it "despite whatever counsel may say."

Finally the point is made that the verdict was against the weight of the evidence and that the court erred in denying defendant's motion for a direction of verdict of acquittal. We think not. A direction of acquittal may not be given where there is any legal evidence from which an inference of guilt can be legitimately drawn. There was an abundance of evidence which the jury could have found to be true which justified the verdict. Compare *State* v. *Bricker, Jr.,* 99 *N. J. L.* 521; *State* v. *Sgro,* 108 *Id.* 528; *State* v. *Karpowitz,* 98 *Id.* 546. The record before us is replete with wrangling among counsel and with unseemly side remarks to each other. This was not dignified nor orderly and was not conducive to the administration of justice. Counsel frequently took advantage of the trial court who was remiss in not acting promptly and with the severity the situation demanded.

Finding no error the judgment is affirmed.